PAMELA L. SCHULTZ (SBN 269032)
pamela.schultz@kennedyslaw.com
ALENA A. ECKHARDT (SBN 304611)
alena.eckhardt@kennedyslaw.com
KENNEDYS CMK LLP
101 California Street, Suite 1225
San Francisco, CA 94111
Telephone:      415-323-4463
Facsimile:       415-323-4445

Attorneys for Plaintiff
JALDHI OVERSEAS PTE. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALDHI OVERSEAS PTE. LTD., | Case No. 21-cv-03817 |
| Plaintiff, | **VERIFIED COMPLAINT** |
| v. | |
| CEDAR VI INC., | |
| Defendants. | |

Plaintiff Jaldhi Overseas Pte. Ltd. (hereinafter "Jaldhi") by its attorneys, Kennedys CMK LLP, as and for its Verified Complaint against Defendant Cedar VI Inc. (hereinafter "Cedar") alleges upon information and belief as follows:

**Jurisdiction and Venue**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim relating to the breach of a maritime contract for the charter of an oceangoing cargo vessel and sums due in respect to the performance of that contract.[1] As such, this case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333. This action is also brought pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter "Rule B"). This case is also brought

---

[1] A charter party is a maritime contract. *Aqua-Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 672 (9th Cir. 1997).

pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* because it involves a maritime transaction between the parties, and Plaintiff Jaldhi hereby demands security for arbitration proceedings in London, England, pursuant to the charter party terms.

2. Jurisdiction is founded upon, and venue is proper, by reason that the property of the Defendant which may be attached by process of maritime attachment and garnishment under the provisions of Rule B is located within this District, including but not limited to at an account at Wells Fargo.

**Parties**

3. At all times material hereto, Plaintiff Jaldhi was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a business address at 101 Cecil Street, #25-06, Tong Eng Building, Singapore 069533 and was the charterer of the M/V THARKEY, an ocean going vessel.

4. At all times material hereto, Defendant Cedar was and still is a foreign business entity duly organized and existing under the laws of the Marshall Islands, with an address at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Republic of the Marshall Islands, MH 969627. Defendant Cedar is also registered as a Foreign Maritime Entity in Liberia, and was the owner of the M/V THARKEY.

5. Defendant Cedar has no known office, business presence or agent(s) in the Northern District of California, as more fully set forth in the Declaration of Alena Eckhardt.

**Factual Allegations**

6. Pursuant to a contract of charter party dated on or about April 2, 2019, which is subject to English law, Plaintiff Jaldhi time chartered the vessel M/V THARKEY from Defendant Cedar for a period of six to eight months (the "Charter Party"). A copy of the Charter Party, including the fixture recap, is annexed hereto as **Exhibit A** and incorporated by reference herein.

7. Pursuant to the terms of the Charter Party, Plaintiff Jaldhi accepted delivery of the vessel on April 3, 2019 vessel and redelivered the vessel on November 29, 2019. Thereafter, Defendant Cedar provided a "Pre-Final Statement of Account" to Jaldhi on November 23, 2019, which "Pre-

1 Final Statement of Account" referenced payment to be made at a bank in San Francisco, California at Wells Fargo Bank.

8. Plaintiff Jaldhi made certain payments to Defendant Cedar relating to that "Pre-Final Statement of Account" but as is customary in the industry and expected under the terms of the Charter Party, Plaintiff Jaldhi provided its Statement of Account to Defendant Cedar, reflecting certain adjustments as warranted under existing law and the Charter Party, sent a statement of account reflecting its overpayment which had been made by Plaintiff Jaldhi in the amount of $206,691.71, excluding interest.

9. The demand in the aforesaid amount consists of the following:

    a. Bunker Consumption due to ME breakdown $335.33

    b. Off hire $23,401.69

    c. Shortloading on 17 July 2019 $41,688

    d. Overconsumed bunkers 21 July 2019 $6,002.80

    e. Pilot Detention 27 August 2918 $2,400

    f. Deballasting 20 October 0219 $1666.67

    g. Shortloading on 29 October 2019 $8,174

    h. Underperformance, 5-6 November 2019, $36,655.97

    i. Berth refusal, 24-26 November 2019, $26,510.52

    j. Differences in VLSFO & HSFO prices $21,330

    k. IFO over consumed $7,417.50

    l. IFO improperly discharged as sludge $3,534.60

    m. Vessel detention overpayment $15,890

    n. Vessel detention overpayment $11,684.63

10. As evidenced by correspondence dated November 12, 2020, and 1 December 2020, the bases for the amounts which were due and owing to Plaintiff Jaldhi were set forth in correspondence from Plaintiff Jaldhi to Defendant Cedar, a copy of which is attached hereto as **Exhibit B**.[2]

11. Despite due demand and numerous requests, the amounts due and owing to Plaintiff Jaldhi have not been paid.

### COUNT I – BREACH OF CONTRACT

12. Plaintiff Jaldhi incorporates the above paragraphs as if set forth fully herein.

13. The failure to pay amounts due and owing under the Charter Party constitutes a breach of the Charter Party's terms.

14. Plaintiff Jaldhi has a claim under English law, the law applicable to the Charter Party for recovery of the sum identified in paragraph 9 above, together with a recovery of interest, costs and attorney fees, all of which are recoverable in London arbitration as an element of the claim.

15. Plaintiff Jaldhi estimates, as nearly as can be calculated, that interest expected to be awarded in arbitration would be in the amount of 4 to 4.5% percent, per annum compounded every quarter (from the date the amounts were due and owing through the period the case is estimated to run in arbitration – 18 months to two years) will be approximately $30,000, and costs and attorney fees incurred in connection with the prosecution of the claim in London arbitration (inclusive of arbitrators' fees which are also recoverable) will be approximately $100,000.

16. As a consequence to the foregoing, Plaintiff Jaldhi has and will suffer losses for breach of the Charter Party in the amount of $336,697.71.

17. Plaintiff Jaldhi therefore demands judgment, as set forth more fully below.

### COUNT II – MARITIME ATTACHMENT AND GARNISHMENT (RULE B)

18. Plaintiff Jaldhi incorporates the above paragraphs as if set forth fully herein.

---

[2] The total amount reflected as due and owing on Exhibit B referenced a slightly different amount, which was discovered during an accounting reconciliation. The claim categories and amounts in Exhibit B coincide with the items set forth in paragraph 9a-n.

19. As outlined above, the Charter Party provides for arbitration in London (Clause 75) pursuant to English law, and this action is brought to obtain security in connection with Plaintiff Jaldhi's claims for London arbitration.

20. In addition to the demands sent on November 12 and December 1, 2021 (see Exhibit B), on March 12, 2021, London solicitors for Plaintiff Jaldhi sent a demand to Defendant Cedar.

21. Thereafter, on March 24, 2021, London solicitors for Plaintiff Jaldhi were contacted by English solicitors who advised that they had been appointed by Defendant Cedar. However, Defendant Cedar's English solicitors have not replied to further correspondence regarding arbitration.

22. Plaintiff Jaldhi has appointed an arbitrator in accordance with the terms of the Charter Party.

23. Upon information and belief and after investigation, Plaintiff Jaldhi submits that Defendant Cedar cannot be "found" within this District for the purpose of an attachment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. However, Plaintiff Jaldhi is informed and believes that Defendant Cedar has or will shortly have property within this District, including but not limited to assets in the form of cash and/or deposits in its name located at Wells Fargo. A copy of Attorney Declaration that Defendant Cannot be Found Within the District is attached hereto as **Exhibit C**.

24. Plaintiff Jaldhi seeks issuance of process of maritime attachment so as to obtain payment for amounts due to it under the charter party.

25. No security for Plaintiff's claims has been posted by Defendant Cedar or any person or entity acting on its behalf to date.

WHEREFORE, Plaintiff Jaldhi prays:

a. That process in due form of law according to the practice of this Court issue against the Defendant Cedar, citing it to appear and answer under oath all and singular the matters alleged;

b. That to the extent Defendant Cedar cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, all tangible or intangible property of the Defendant Cedar up to and including the sum of

$336,697.71, representing the claim set forth in paragraph 9 above, plus interest, fees and costs, be restrained and attached, including but not limited to any cash, funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or any other property of or debt, belonging to, due to, from, or for the benefit of Defendant Cedar (collectively "ASSETS"), including but not limited to such ASSETS as may be within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein, which funds to be attached as security for Plaintiff Jaldhi's claims, including but not limited to those asserted in the arbitration, and judgment entered by this Court;

c. That this Court retain jurisdiction over the matter, including but not limited to while arbitration proceeds for purposes of any subsequent enforcement action as may be necessary; and

d. That as provided in Rule B, any person over the age of 18 years of age be appointed as moved for herein pursuant to Rule B and Federal Rule of Civil Procedure 4(c) to serve process of Maritime Attachment and Garnishment in this action; and

e. For such other, further and different relief as this Court may deem just and proper in the premises.

DATED:   May 20, 2021                KENNEDYS CMK LLP

By: /s/ *Pamela L. Schultz*
PAMELA L. SCHULTZ
Attorneys for Plaintiff
JALDHI OVERSEAS PTE. LTD.

## ATTORNEY VERIFICATION & DECLARATION

Pursuant to 28 U.S.C. § 1746, I, PAMELA L. SCHULTZ, state under penalty of perjury that the foregoing is true and correct. This Verification and Declaration is also made pursuant to Admiralty Local Rule 2-1.

1. I am a partner with the firm of Kennedys CMK LLP, attorneys for Plaintiff in this action. This Verification and Declaration are made by me because Plaintiff is a foreign entity, and no authorized officer of Plaintiff is presently within this District. I am authorized to make this Verification and Declaration on Plaintiff's behalf.

2. The facts as alleged in the foregoing complaint are based upon my knowledge, information and belief based upon documentation provided to me by representatives of Plaintiff and attorneys for Plaintiff, and includes documentation and communication exchanged by the parties to this action. The amount asserted in the Verified Complaint is based on the advice of English counsel as to the amount of the claim which is fairly stated under English law.

3. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

May 20, 2021

_____
Pamela L. Schultz